IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN COLMENERO DURAN,<br><br>      Plaintiff,<br><br>  v.<br><br>INS,<br><br>      Defendant.<br>_____/ | NO.  CIV.S-04-2719 GEB DAD PS<br><br><u>ORDER VACATING FINDINGS AND RECOMMENDATIONS AND TRANSFERRING ACTION TO THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT</u> |

       Plaintiff initiated this action by filing a "petition for de novo immigration review."  Through that petition plaintiff seeks judicial review of a denial of an application for cancellation of removal by the Immigration Court in San Francisco.  Thus, the petition challenges a final administrative order of removal.

       On May 23, 2005, plaintiff was ordered to show cause in writing why this case should not be dismissed for lack of subject matter jurisdiction.  On June 22, 2005, plaintiff was granted an extension of time up to and including July 13, 2005, in which to respond to the court's order.  The time period expired and plaintiff

1

1 did not respond to the court's order.  Accordingly, in findings and
2 recommendations filed July 29, 2005, the court recommended that this
3 action be dismissed without prejudice.

4      On August 8, 2005, objections to those findings and
5 recommendations were filed.  The objections seek still additional
6 time to allow plaintiff to seek counsel to represent him in this
7 matter.  However, those objections were submitted and signed by
8 plaintiff's neighbor, not by plaintiff who is proceeding pro se in
9 this matter.  Therefore, the filed objections are not authorized.
10 Further, even considering those objections, the undersigned finds
11 that additional time will not aid plaintiff in the litigation of this
12 matter before this court since this case must be transferred to the
13 United States Court of Appeals for the Ninth Circuit pursuant to
14 legislation recently enacted by Congress.

15      More specifically, pursuant to Public Law 109-13, the REAL
16 ID Act of 2005, this Court is without jurisdiction to consider
17 plaintiff's challenge to his removal order.  The REAL ID Act requires
18 transfer of cases challenging final orders of removal that are
19 pending in district courts to the court of appeals.  See REAL ID Act
20 of 2005, Pub. L. No. 109-13, § 106, 119 Stat. 231, 310-11 (May 11,
21 2005); Alvarez-Barajas v. Gonzales, 418 F.3d 1050, 1052-53 (9th Cir.
22 2005).  In this regard, the Ninth Circuit Court of Appeals has issued
23 a special notice regarding the preferred procedure for transferring
24 cases to the court of appeals pursuant to the REAL ID Act of 2005.
25 /////
26 /////

Accordingly, pursuant to the REAL ID Act of 2005, and in accordance with the special notice issued by the Ninth Circuit Court of Appeals, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed on July 29, 2005, are vacated;

2. This action is transferred to the Ninth Circuit Court of Appeals as a Petition for Review;

3. The Clerk of the Court is directed to transmit the entire case file to the Ninth Circuit Court of Appeals simultaneously with this transfer order; and

4. The Ninth Circuit Court of Appeals is informed that plaintiff has not sought a stay of removal from the district court.[1]

DATED: October 25, 2005.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:th
orders/prose/duran2719.order.transfer

---

[1] The special notice issued by the Ninth Circuit Court of Appeals was most recently revised on October 3, 2005. The court recognizes that the special notice suggests that district courts allow the parties the opportunity to stipulate to, or brief the propriety of, transfer. However, this initial step is not feasible in this case since plaintiff is proceeding pro se and the government has not appeared in this action.

3